The Harshaw, Fuller & Goodwin Company, Appellee, v. Illinois Central Railroad Company, Appellant.

Gen. No. 33,079.

254

Opinion filed March 26, 1929. Rehearing denied April 9, 1929.

FRED H. MONTGOMERY and HERBERT J. DEANY, for appellant; VERNON W. FOSTER, of counsel.

KREMER, BRANARD & HAMER, for appellee.

Mr. Justice Scanlan delivered the opinion of the court.

This is an appeal by the defendant, Illinois Central Railroad Company, a corporation, from a judgment entered against it in the municipal court of the City of Chicago in favor of the plaintiff, The Harshaw, Fuller & Goodwin Company, a corporation, for $3,950. The case was tried by the court with a jury. On a former trial a jury returned a verdict in favor of the defendant which was set aside by the trial court.

The suit was brought to recover the value of certain bags of poppy seed shipped by the plaintiff from Antwerp, Belgium, to New Orleans, and by the defendant transported by rail from New Orleans to Chicago.

The plaintiff in its statement of claim alleged that in pursuance of an agreement between it and the defendant company, the latter received from the ocean steamer at New Orleans the poppy seed and "issued its certain bill of lading to plaintiff acknowledging the receipt of said shipment of said poppy seed for transportation to Chicago, in good order and condition with the following exceptions: 11 bags torn and repaired; 40 bags damaged; 2 bags rust stained, but with contents in good condition"; and that "the defendant delivered said shipment of 300 bags of poppy seed to the plaintiff at Chicago in a damaged condition, to wit: that said bags and the contents thereof were wet, damp, moldy and rusty and as a result thereof said 300 bags of poppy seed became and were a total loss to the plaintiff"; and that "the value of said shipment of poppy seed at the time of arrival in Chicago, if in sound condition, amounted to the sum of $6,000."

The defendant in its affidavit of merits averred, *inter alia,* that in consequence of storms and other sea troubles encountered by the ocean steamer, the poppy seed became and was damaged prior to the time it was delivered to the defendant for transportation; that the

seed was not damaged by reason of any breach of contract or fault on the part of the defendant; that the bill of lading issued to the plaintiff by the defendant recited that the contents and the condition of the contents of the bags were unknown to the defendant.

The plaintiff proved that when the seed arrived in New Orleans 39 bags were more or less waterstained and damaged from ship-sweat and it did not claim compensation on account of these bags. The witness who gave this evidence further testified that he only examined the exterior of the other bags and that he knew nothing of the condition of the seed in those bags.

The defendant contends that the verdict of the jury and the judgment of the court are contrary to the weight of the evidence. This contention has been argued strenuously and with considerable force, but in the view that we have taken of this appeal we do not deem it necessary to pass upon the same. We feel impelled to state, however, that it is significant, that in spite of the fact that a number of years elapsed between the time of the shipment and the time of the trial, the plaintiff (save as to the 39 bags) failed to introduce any evidence as to the actual condition of the poppy seed at the time of the shipment from Antwerp, or at the time of the delivery to the defendant at New Orleans. While it was shown that the exterior of the "sound bags" was inspected, yet, so far as this record discloses, no one saw the seed in the "sound bags" from the time it left Antwerp until it was delivered to the plaintiff. In proving its case the plaintiff relied, in a large measure, upon the bill of lading and a certain receipt given to the steamship company by the defendant at the time that the latter received the seed. Both the receipt and the bill of lading recite that the property was received "in apparent good order," but the bill of lading further recites that the "contents and condition of contents of packages unknown." It is undisputed that the defendant at the time of the

receipt of the seed did not open the "sound bags" and inspect the contents thereof, nor do we think it was incumbent upon it to do so. If such a burden were placed upon a railroad, it would make it practically impossible for it to handle its business, and harm and inconvenience to the shipper would likely result therefrom.

The defendant contends that the court erred in giving to the jury, at the instance of the plaintiff, the following instruction:

"The court instructs the jury that even though you should find from the evidence that the immediate or proximate cause of the injury or damage to the poppy seed in question was one for which the defendant would not be liable; yet, if you should further find from the evidence that said immediate cause was not the sole cause, but that some negligence of the defendant concurred in any degree in causing said injury or damage, then the defendant would be liable."

This is a very bad and harmful instruction. It is subject to a number of just criticisms. A sufficient one is that the law is that the defendant would only be responsible for such negligence as proximately contributed to bring about the damage, and the instruction is not in accord with this principle of law.

The defendant contends that the court erred in giving to the jury, at the instance of the plaintiff, the following instruction:

"The court instructs the jury that the bill of lading introduced in evidence in this case is prima facie evidence that the poppy seed was received by the defendant and was, at that time, in the condition therein stated; and if the defendant claims that it was not in such condition, it is incumbent upon the defendant to show this, and that it was deceived and defrauded when the bill of lading was signed."

The plaintiff makes but a feeble answer to this contention. This instruction, in effect, told the jury that

before the defendant could rebut the prima facie case made by the bill of lading as to the condition of the seed at the time the defendant received the same, it must show that it was deceived and defrauded when the bill of lading was signed. No question of fraud and deceit in the signing of the bill of lading was raised by the pleadings or by any evidence introduced by the defendant and to interject such a false issue was highly prejudicial to the defendant. The jury might well understand from the instruction that unless the defendant showed that it was deceived and defrauded when it signed the bill of lading, the plaintiff was entitled to recover. The instruction is also faulty in that it requires the defendant to *show* the condition of the seed at the time it received it. The jury could infer from the use of the word "show" that the defendant was required to "make manifest" or "make apparent or clear by evidence" or "demonstrate" the condition of the seed at the time it was received. Such a degree of proof is, of course, not required of the defendant. In any event, the instruction was very apt to confuse and mislead the jury.

The defendant has assigned and very forcefully argued a number of other alleged errors, but we do not deem it necessary to pass upon the same.

After a careful consideration of the record in this case, we are satisfied that the defendant has not had a fair and impartial trial, and the judgment of the municipal court of Chicago is reversed and the cause is remanded.

*Reversed and remanded.*

GRIDLEY, P. J., and BARNES, J., concur.